Curia, per Cowen, J.
This is a motion to change the venue in two indictments for libels -upon Mr. -Cooper, from the county of Otsego to some adjoining county. The motion is made on the part of the people; -and is founded on the *182 alleged fact, that in consequence of a series of publications against the complainant, the public mind has become so much prejudiced against him in respect to the prosecutions, that a fair and impartial trial cannot be had in Otsego. The revised statutes, (2 R. S. 614, 2d ed. § 1,) impliedly authorize us to make such a change for special cause, on an indictment coming into this court by certiorari. This is also an authority which we have at the common law. (1 Chit. Cr. Law, 201, Am. ed. of 1836. The King v. Nottingham, 4 East, 208. The People v. Vermileya, 7 Cowen, 139.)
The principle of the application is, therefore, correct; and the only question is, whether the affidavits for the motion are sufficient to raise a serious doubt that a fair and impartial trial can be had in Otsego.
It' is shown, on the part of the prosecution, that the course of a newspaper in that county has been acrimonious . against, and hostile to the prosecutor, in respect to these in- . dictments. That this paper is published in the county town, and has a considerable subscription; that in the defendant’s own paper, which has some circulation in that county, an article appeared with strictures adverse to the prosecutions. But especially, it is complained, that two successive copies of the New YYorld were sent from the city of New-York, they containing two successive articles of a similar tendency. Copies of these articles were addressed, not only to residents of the county indiscriminately, but were directed to and received by many of the jurors who were summoned to attend the court, and who were, some of them at least, expected to participate in the trials. The New World was published by a neighbor of the defendant. The latter has not, however, any interest in that paper. But it is averred by the complainant in his affidavit, that from the resemblance of the articles in the New World, to the previous article in the defendant’s paper, and other circumstances, he believes the defendant was personally concerned in the printing and circulation of the articles in the New World. This, the defendant has *183 not denied. Indeed, he has made no affidavit in the matter, though a copy of the charge was served upon him several months ago. As to the weight of evidence, therefore, on which the motion rests, very little comment would seem to be necessary. The power of the three presses has been accidentally or purposely combined to work a prejudice in the public mind against the complainant, on the very questions involved in the prosecutions, and in a manner entirely adequate to the proposed effect. It must also be taken, I think, upon the defendant’s silence under the charge, that he has aided in managing the most pernicious department of the machinery. It is extravagant to suppose, in the absence of proof, that any mere stranger to the prosecutions, however hostile to the complainant, would volunteer to practice upon the jurors who were summoned to attend court; that he would gratuitously commit an offence both morally and legally criminal,” by tampering with the administration of justice.
The effort has been local, and it becomes our duty to obviate its influence, as far as may be in our power.
The cases cited, (2 Wend. 250, and 12 id. 203,) for the defendant, do not, as is supposed, fix on a definite species of evidence to sustain this sort of motion, and forbid a resort to other proof tending in its own nature to show that a fair and impartial trial cannot be had in the county where the indictments were found. The first case, indeed, ordered a change of venue to a county where it was thought, by several individuals, so much excitement prevailed against the plaintiff, that he could not have a fair and impartial trial. The decision, however, proceeded on the ground that the proof rested in speculative opinion. In the case last cited, the venue was changed, on the ground of excitement. In both cases, the learned judges speak of the attempt and .failure to obtain an indifferent jury, as indicating the propriety of a change. The intimation in the last, that, without such an experiment, a change would be inadmissible, was entirely obiter. The only points established by these cases were, that mere speculative opinion is not suffi *184 cient evidence; but that a failure of two successive juries in the same cause, to agree on a verdict, is. To make such an experiment essential, would seem to be quite dangerous. It is the very thing which the law seeks to avoid, when it is seen that the party may, and probably will be drawn into a trial by a jury, who, under an influence of which they may themselves be hardly conscious—an influence which perhaps no human sagacity can detect—may pronounce a verdict against him, and conclude his rights forever. Above all, would it be dangerous to require that he should risk his trial by a panel selected from a community already sought to be influenced by the course of the press; that very panel being personally appealed to by the opposite party’s own press, or one put in motion by him, or by some other person. It is impossible, until, men shall have done with devices for getting up public excitement and turning it to their own account, to lay down, as in a category, precisely what shall and shall-not be received for satisfactory proof of such excitement to a degree which may endanger the impartial administration of justice. All will agree, that when it is shown to exist, by whatever circumstances, the trial should be removed from the sphere of its probable influence by some means. Putting off the trial may be sufficient; and the remedy must be confined to that when there is no power in the court to change the venue. If there be such a power, and the excitement appear'to be extensive in the county where the venue is laid, it should be' changed to another.
In these causes, we direct a rule that they be tried in the county of Montgomery.
NeIson,- C. J. gave no opinion.
Motion granted.